IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**STEPHEN ELLIOT POWERS**                                                    **PETITIONER**

v.                                                                    CIVIL ACTION NO. 2:07-CV-20-HTW

**BURL CAIN,** *et al.*                                                        **RESPONDENTS**

### ORDER

On March 30, 2017, the Court stayed this capital habeas case so that Petitioner could exhaust certain claims in a successive post-conviction petition to the Mississippi Supreme Court. On September 28, 2023, the Mississippi Supreme Court denied Petitioner's successive petition, *Powers v. State*, 371 So. 3d 629 (Miss. 2023), and on October 19, 2023, it issued its mandate, *see* Mandate, No. 2017-DR-696-SCT (Miss. Oct. 19, 2023). Petitioner also filed a supplement to his successive petition, and the Mississippi Supreme Court denied it on September 11, 2024. *Powers v. State*, No. 2023-DR-895-SCT, 2024 WL 4164935 (Miss. Sept. 11, 2024). On October 25, 2024, Petitioner filed a motion for rehearing, which is still pending. *See* Petitioner's Motion for Rehearing, No. 2023-DR-00895-SCT (Miss. Oct. 25, 2024).

On September 11, 2024, the State filed a Motion to Lift [53] the stay on this federal habeas case. Petitioner opposes the motion, arguing that his state post-conviction case is still pending. In reply, the State argues that Petitioner asserted new claims in his supplement to the successive petition which he cannot assert in this capital habeas case because of the limitations period imposed by 28 U.S.C. § 2244(d)(1).

The Court generally seeks to avoid the possibility of concurrent litigation of the same claims in separate courts. Although the State argues that the new claim asserted in Petitioner's supplement to the successive petition will be barred by AEDPA's statute of limitations, the claim

has not yet been presented to this Court and the parties have not briefed the issue. It would be imprudent for the Court to prejudge the impact of a procedural bar such as a statute of limitations before a claim has even been asserted. Maintaining the stay on this case until Petitioner's state case has finally resolved creates a minor delay, but it avoids the possibility of concurrent litigation and maintains orderliness. Therefore, the Court will deny the State's Motion to Lift Stay [53] without prejudice.

The Court orders Petitioner to file an update on the status of his successive post-conviction proceeding every 120 days until the stay on this case is lifted.

**IT IS, THEREFORE, ORDERED** that, the Motion to Lift Stay [53] filed by Respondents Burl Cain, Mississippi Department of Corrections Commissioner, and Lynn Fitch, Mississippi Attorney General, is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this the 23rd day of April, 2025.

                                            s/HENRY T. WINGATE
                                            UNITED STATES DISTRICT JUDGE